UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL BEAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 3:24-cv-02255-GCS |
| | ) |
| DANIEL SPROUL, Warden, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

**INTRODUCTION AND BACKGROUND**

Petitioner Paul Beam, a federal prisoner currently incarcerated at U.S. Penitentiary Marion ("USP Marion"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of his eligible time towards halfway house or home confinement placement under the Second Chance Act and the First Step Act of 2018 under 28 U.S.C. § 3632 (Doc. 1, 13). Petitioner believes he would have been released already if Respondent followed the law. Petitioner requests an immediate transfer to pre-release custody or to a halfway house. The Respondent opposes the petition. (Doc. 12). Based on the reasons delineated below, the Court finds that Beam failed to exhaust his administrative remedies and denies without prejudice the § 2241 petition for refiling after the exhaustion of appropriate administrative remedies.

Beam is serving a 168- month term of imprisonment, followed by a ten-year term of supervision, for coercion or enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422. *See United States v. Beam*, 6:15-CR-81-ORL-37TBS. (Doc. 12-1, p. 2) His current projected release date is April 29, 2027, via good time release. With FSA credits, his projected release date is April 29, 2026. *Id*. Thus, his home detention projected date is October 29, 2025. *Id*.

## ANALYSIS

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). Still, to obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Moreover, before seeking relief in federal court a prisoner must exhaust administrative remedies. *See, e.g.*, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted"); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *See*

*Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal Bureau of Prison ("BOP") policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors. *See Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id*.

Beam concedes that he has not exhausted the available BOP administrative remedy process. (Doc. 1, 13.) However, he argues that exhaustion would be futile as it would take at least 120 days to exhaust, and it should be excused because the BOP pre-determined how much halfway house time he should have. *Id*. Respondent counters, *inter alia*, that Plaintiff has not exhausted his administrative remedies. Specifically, Respondent contends that Petitioner is eligible for halfway house placement under the FSA on May 19, 2025, that he filed this petition on September 30, 2024, thus, he had plenty of time to engage in the administrative process. The Court agrees with Respondent.

Petitioners citing futility "face a heavy burden" because they must demonstrate that there is "no reasonable prospect" that they could obtain any relief from that agency. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016-17 (7th Cir. 2004) (quoting *Health Equity Resources Urbana, Inc. v. Sullivan*, 927 F.2d 963, 965 (7th Cir. 1991). Beam has neither exhausted his administrative remedies nor shown that available remedies are inadequate, ineffective, or would cause irreparable injury. Regardless, "the Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez*, 355 F.3d at 1017. This serves both the purposes of exhaustion of "protecting administrative agency authority and promoting judicial efficiency." *Id*. (citation omitted). Thus, the Court finds that the agency should have the first opportunity to remedy any alleged violation, and Petitioner has not adequately supported his claim that his endeavor would be futile.

## CONCLUSION

Based on the foregoing, the Court **DENIES** without prejudice Beam's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies. (Doc. 1). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and close the case. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED: April 10, 2025.**

Digitally signed by Judge Sison
Date: 2025.04.10 09:22:32 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**